# CIRCUIT COURT OF BALTIMORE CITY.

Filed June 22, 1897.

ARTHUR D. RIVERS
VS.
BAGBY & RIVERS CO.

*Gans & Haman* and *Sappington & Rivers* for plaintiff.
*Pollard & Bagby* for defendant.

DENNIS, J.—

The plaintiff, Rivers, and Charles T. Bagby, engaged in the business of manufacturing and selling furniture in Baltimore City, under the firm name of Bagby & Rivers.

In January, 1894, the firm was dissolved by mutual consent, the terms of the dissolution being provided for by a written agreement. In addition to its other stipulations, that agreement provides as follows: a certain sum is to be paid Rivers "for the interest of said Rivers in and to the good will of the said business;" and that the "said Bagby shall have and own in his own right, free and clear of any interest or claim of the said Rivers, all the stock, furniture, &c.," in the factory and warehouse owned by the firm, "and in addition thereto the good will of said firm and all business rights thereto belonging;" and after some other stipulations, not necessary to be considered in the question before us, the agreement provides as follows:

"And the said Rivers hereby agrees and covenants that he will permit the said Bagby to continue the use of his name in the style of the said firm; provided, however, it be so used after such necessary legal notice, to be given by the said Bagby, as not to make the said Rivers liable for or chargeable with any of the debts or contracts of said business as hereafter to be conducted by the said Bagby. And the said Rivers further agrees and covenants that he will not engage in the manufacture of furniture in the City of Baltimore so long as the said Bagby shall continue said business."

Sometime after the dissolution, Bagby, together with four other persons, formed a corporation under the general law, for the purpose of conducting the same line of business as had been previously conducted by Bagby & Rivers; and assumed the name of Bagby & Rivers Company. The extent of Bagby's interest in the corporation does not appeal, beyond the fact that he was one of the original five incorporators.

The bill of complaint sets forth the above facts, and asks for an injunction to restrain the said company, which is the only defendant, from the use of the plaintiff's name in connection with its business; it does not, however, allege any injury to the plaintiff beyond such as the Court may take judicial notice of from the mere fact of the use of his name against his consent and without his authority. To this bill a general demurrer has been filed, and the main question to be considered is: Has the defendant company the right to the use of the plaintiff's name in connection with its business, by virtue of the agreement between the plaintiff and Bagby as to the use of the former's name, set forth in the articles of dissolution? The specific agreement as to Bagby's right to use the old partnership name during his continuance in the business is as follows:

"And the said Rivers hereby agrees and covenants that he will permit the said Bagby to continue the use of his name in the style of the said firm; provided, however, it be so used after such necessary legal notice, to be given by the said Bagby, as not to make the said Rivers liable for, or chargeable with, any of the debts or contracts of the said business as hereafter to be conducted by the said Bagby."

This clause of the agreement does not seem to me to change or to affect in any degree the rights of the parties as to the use of Rivers' name, which had already resulted from the earlier portion, by which the good-will of the business was assigned to Bagby; for, while there is some slight conflict, I think the great weight of authority is that where a retiring partner assigns to a continuing partner the *good will* of a business, the latter is entitled to use the firm name as constituting a part of that good will, provided in so using it he does not expose the retiring partner to any risk or liability for the debts or engagements of the new business. The above recited provision does nothing more nor less than to put in express language what would be, even without it, the necessary legal conclusion. So that the question narrows itself down to this: Has a continuing partner, who has acquired the right to use the name of a retiring partner, either by a grant in express terms or by legal inference arising from the purchase of the *good will* of the old firm, in the prosecution of the former business by himself, the right to *assign* the use of the retiring partner's name

to a corporation formed for the purpose of continuing the same business? I think not.

Without regard to the question whether such stipulations are to be construed strictly or not, on grounds of public policy, as being in restraint of trade, nevertheless they are to be construed according to their spirit and intent, as they appear from the face of the contract and are fairly deducible from it, preserving the rights of each party as fully as possible.

Now, there are many reasons why a retiring partner might be willing for his continuing partner to use his name in the prosecution of the old business under an ordinary partnership, and yet might object to the transfer to another company, and especially to a corporation, the right to a like use of his name. The retiring partner's right is liable to many contingencies of cessation; he may die, become insolvent, conclude to retire from business by reason of ill-health, or a sufficient competency, or other reasons; and whenever the continuing partner did so quit business, the retiring partner's right to use his own name in a similar business would be at once restored to him. But, if the continuing partner has a right, without the consent of the retiring partner, to transfer the use of the latter's name to a corporation, then the latter may be perpetually deprived of the control of it. The continuing partner may die, or become insolvent, or dispose of his interest, or his interest may be so small that he has no voice in the management, but the corporation will still live; and thus the use of the retiring partner's name may be kept away from his own control for an indefinite time, contrary to his wishes and beyond his intention when he entered into the contract—in fact, the use of his name may be placed in the perpetual control of those to whom he might perhaps have been the least willing to grant the use of it. No case has been referred to by the counsel for the defendant which justifies the proposition that the purchase of the good will by a continuing partner carries with it any such right of assignment; and without strong authority I should be unwilling to hold that the mere transfer of the good will of a firm by a retiring partner gives to his assignee the authority to transfer the use of the former's name to a corporation, whereby the former might be deprived of the control of it perpetually. The case of Horton Manufacturing Co. vs. Horton Manufacturing Co., 18 Fed. Rep. 816, seems to me an authority directly in point.

Another ground of demurrer is the failure to make Bagby individually a party to the suit. As no relief is asked against him, he is not a necessary party and his individual rights under the contract of dissolution will in no way be affected by the decree.

It is also urged that the plaintiff can not support the bill because he has shown no injury to himself by reason of the use of his name by the corporation.

I think this a good ground of demurrer.

While the defendant company has no right to use the plaintiff's name by virtue of the assignment from Bagby to it, yet even the right to a man's own name is a mere abstract right, for the violation of which only nominal damages could be given at law, and equity will not interfere by injunction, unless a substantial wrong is threatened.

Another clause of the articles of dissolution provides: "And the said Rivers further agrees and covenants that he will not engage in the manufacture of furniture in the City of Baltimore so long as the said Bagby shall continue such business."

Under this provision, Rivers has a full right to engage in the business, if Bagby quits it; and I do not see how it can well be contended, that, if Bagby abandons the business himself as an individual, and transfer all his rights to the defendant corporation, assuming to assign to it also the late firm name, Bagby can still be considered as conducting a business which is absolutely that of the corporation to which he has transferred it. It is no longer Bagby who is doing the business, but the corporation, no matter if he does have an interest in the latter. So Rivers is released from this obligation of the articles of dissolution—certainly, at least, until Bagby reassumes to conduct the business himself, or *proposes to do so*, what harm is done him beyond a nominal injury by the use of his name —the right to the use of which is, according to the authorities, a mere abstract one.

I do not mean to say that he must be actually conducting a business be-

fore he can be entitled to a remedy by injunction. If it can be shown that he *bona fide* proposes to *establish* a similar business, and is entitled to the use of his name, of which the defendant corporation now claims to have the exclusive control, I do not think he is bound to wait until the market is forestalled with goods sold under his name and the fruits of the business grasped before he can enter the field of competition, before he is entitled to apply for injunction. Equity will grant relief against the threatened injury, if it is imminent. While, therefore, I shall sustain the demurrer upon the present pleadings, it will be with leave to amend the bill, if the plaintiff can bring his case within the limitatons above laid down.